BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. REAL PROPERTY LOCATED AT 15340 OLD TOLL ROAD, CAMPTONVILLE, CALIFORNIA, YUBA COUNTY, APN: 064-210-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, Defendant. | 2:11-CV-00091-GEB-KJN<br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against certain real property located at 15340 Old Toll Road, Camptonville, California, Yuba County, APN: 064-210-032 (hereafter "defendant real property") and more fully described as:

> Parcel 1 of Parcel Map 86-46, filed in the Office of the County Recorder of the County of Yuba, State of California, in Book 47 of Maps, page 37.

2. A Verified Complaint for Forfeiture *In Rem* (hereafter "Complaint") was filed on January 10, 2011, alleging that said

defendant real property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7). Doc #1.

3. On March 22, 2011, the defendant real property was posted with a copy of the Complaint and Notice of Complaint. Doc #12.

4. Beginning on February 26, 2011, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on March 28, 2011. Doc #14.

5. In addition to the Public Notice of Posting having been completed, the United States gave actual notice to the following individuals:

a. Gregory S. McClellan

b. Estate of Aubrey B. Wall

c. David and Judy Duncan

6. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Gregory S. McClellan, the Estate of Aubrey B. Wall and David and Judy Duncan on March 28, 2011. Doc #16. On August 31, 2011, the parties filed a Stipulation and Order to Set Aside Default and Permit Filing of Claim and Answer. Doc #23. On September 1, 2011, the Court set aside the Clerk’s Entry of Default Against Gregory S. McClellan and allowed the responsive pleadings submitted by the claimant to be filed by the Clerk. Doc #24.

7. Claimant Gregory S. McClellan filed a claim to the defendant real property and an answer to the complaint on September 1, 2011. Doc #25, 26.

8. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against claimant Gregory S. McClellan and all other potential claimants who have not filed claims in this action.

3. All right, title and interest of Gregory S. McClellan in the defendant real property shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

4. The U.S. Marshals Service (or a designee) shall list the defendant real property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant real property.

5. The U.S. Marshals Service shall have the defendant real property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant real property upon 24 hours telephonic notice.

6. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

7. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

(a) The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

(b) Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

(c) A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

(d) The seller shall pay any county transfer taxes.

(e) To the United States of America: the net proceeds from the sale of the real property. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

8. Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's lis pendens on January 18, 2011, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

9. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

10. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

11. Each party shall execute all documents necessary to

close escrow, if such signatures are required by the title insurer.

12. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

13. Claimant Gregory S. McClellan shall not take any action, or cause any other person to take any action, to damage or modify the defendant real property from its present condition or other action that may result in a reduction in value of the defendant real property.

14. Claimant Gregory S. McClellan shall remove all personal possessions and leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimants personal possessions not removed within 72 hours after the entry of a Final Judgment of Forfeiture will be disposed of by the United States without further notice.

15. Pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed January 10, 2011, the Court finds that there was reasonable cause for the posting of the defendant real property, and for the commencement and

prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

16. All parties will bear their own costs and attorneys' fees, if any.

17. Pending the sale of the property, and the disposition of the proceeds, the U.S. District Court for the Eastern District of California, Hon. Garland E. Burrell, Jr., District Judge, shall retain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

SO ORDERED THIS 19th day of December, 2011.

GA
United States District Judge

**CERTIFICATE OF REASONABLE CAUSE**

Based upon the allegations set forth in the Complaint filed January 10, 2011, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for posting of the defendant real property, and for the commencement and prosecution of this forfeiture action.

Dated: December 19, 2011

GARLAND E. BURRELL, JR.
United States District Judge